IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS LAUGHNER, ) | |
| ) | |
| Plaintiff, ) | 4:06cv3283 |
| ) | |
| v. ) | AMENDED PRISONER PAYMENT |
| ) | ORDER |
| JOHN ZAVADIL, Sheriff, and TED ) | |
| POCWIERC, Jail Dir., ) | ORDER on INITIAL REVIEW |
| ) | and Motions |
| Defendants. ) | |

This matter is before the court on (1) filing no. 6, the Motion to Extend Time to Pay Filing Fee and Motion for Copies, filed by the plaintiff, Thomas Laughner, a prisoner; (2) filing no. 7, the plaintiff's Motion for Leave to File Amended Complaint; and (3) the court's Order on Initial Review. Filing nos. 6 and 7 are granted.

**AMENDED PRISONER PAYMENT ORDER**

Pursuant to the Prison Litigation Reform Act ("PLRA"), an incarcerated civil plaintiff is required to pay the full amount of the court's $350 filing fee by making monthly payments to the court, even if the prisoner is proceeding in forma pauperis.[1] 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co.,173 F. Supp.2d 951 (D. Neb. 2001).

A plaintiff usually must pay an initial partial filing fee in the amount of twenty (20) percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding submission of the complaint. However, in filing no. 6, the plaintiff reports that he has no assets in his trust account. His trust account statement is consistent with that representation. Under those circumstances, the PLRA does not require dismissal of the plaintiff's case. Instead, 28 U.S.C. § 1915(b)(4) states:

---

[1] THE "THREE STRIKES" RULE**:** If this action is later dismissed as frivolous, malicious, or for failure to state a claim, then the dismissal will count against the prisoner for purposes of the "three-strikes" rule in 28 U.S.C. § 1915(g). The three-strikes rule means that if a prisoner's complaints are dismissed on 3 occasions as frivolous, malicious, or for failure to state a claim, the prisoner may not proceed in forma pauperis thereafter in future complaints and appeals, unless, pursuant to the only exception to this rule, the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

> In no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.

In these circumstances, the normal assumption that an initial partial filing fee will be paid at the outset of the case is suspended, and "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997); Jackson v. N.P. Dodge Realty Co., 173 F. Supp.2d 951, 957 n. 9 (D. Neb. 2001). Thus, payments of the initial partial filing fee shall be collected by prison officials and remitted to the court "when funds exist" in the prisoner's trust account. Filing no. 6, the plaintiff's Motion to Extend Time to Pay Filing Fee, is granted accordingly.

## COPIES

In filing no. 6, the plaintiff also requests a copy of the documents which will enable him to prosecute this case, as his copies have been confiscated by jail personnel. The motion is granted. The Clerk of Court shall send the plaintiff a docket sheet and copies of this Order and the Amended Complaint (filing no. 7-2).

## AMENDMENT

Filing no. 7, the plaintiff's Motion for Leave to File Amended Complaint, is granted. Fed. R. Civ. P. 15(a) grants the plaintiff a one-time opportunity to amend his complaint without leave of court if no responsive pleading has been filed by a defendant.

## INITIAL REVIEW

In his Amended Complaint, the plaintiff asserts civil rights claims pursuant to 42 U.S.C. § 1983, alleging deplorable conditions at the Platte County Detention Facility. As the plaintiff alleges, among his claims, that the defendants provide Platte County inmates with virtually no legal resources of any kind, a short summary of legal principles applicable to the plaintiff's claims is set forth below.

Denial of Adequate Medical Care

The Eighth Amendment to the United States Constitution requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). For example, a prisoner's Eighth Amendment rights are violated if prison officials show "deliberate indifference" to the prisoner's "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-07 (1976).

More specifically, a viable Eighth Amendment claim consists of an objective component and a subjective component. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir.

2

1998). See also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997): "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant(s) acted with a sufficiently culpable state of mind." Id.

Denial of Access to the Courts

To prevail on a claim regarding denial of the right of access to the courts, a prisoner must show not only that the legal resources available to him are inadequate, but he must also establish that he suffered an actual injury to pending or contemplated legal claims. See, e.g., Bear v. Kautzky, 305 F.3d 802, 806 (8th Cir. 2002) (court issued preliminary injunction banning prison officials from enforcing a policy prohibiting prisoners from communicating with jailhouse lawyers; plaintiffs had pending postconviction claims and presented evidence of irreparable injury, i.e., that they had no satisfactory alternative way of obtaining legal assistance for their pending claims; also, prison officials presented no evidence of a legitimate penological purpose for the policy). In Christopher v. Harbury, 536 U.S. 403, 412-15 (2002), the U.S. Supreme Court explained that generally two types of claims exist regarding denial of access to the courts, i.e., claims based on an obstacle which presently or prospectively impedes access to the courts or claims based on a past denial of access which thwarted the plaintiff's ability to litigate a previous matter. As for a claim of present denial of access to the courts:

> In the first are claims that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time. Thus, in the prison-litigation cases, the relief sought may be a law library for a prisoner's use in preparing a case, Bounds v. Smith, 430 U.S. 817, 828 ... (1977); Lewis v. Casey, 518 U.S. 343, 346-348 ... (1996), or a reader for an illiterate prisoner, id., at 347-348 ..., or simply a lawyer, *ibid*. ....
>
> The opportunity has not been lost for all time, however, but only in the short term; the object of the denial-of-access suit, and the justification for recognizing that claim, is to place the plaintiff in a position to pursue a separate claim for relief once the frustrating condition has been removed....
>
> While the circumstances thus vary, the ultimate justification for recognizing each kind of claim is the same. Whether an access claim turns on a litigating opportunity yet to be gained or an opportunity already lost, the very point of recognizing any access claim is to provide some effective vindication for a separate and distinct right to seek judicial relief for some wrong

Failure to Protect

The Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to take reasonable measures to guarantee the safety of inmates and to protect them from violence by other prisoners. See, e.g., Pagels v. Morrison, 335 F.3d

3

736, 740 (8th Cir. 2003): "The Supreme Court has held that the Eighth Amendment requires prison officials to take 'reasonable measures to guarantee the safety of inmates [and] ... to protect prisoners from violence at the hands of other prisoners.' Farmer v. Brennan, 511 U.S. 825, 832-33 ... (1994) (internal quotation marks and citations omitted)."

To prevail on an Eighth Amendment failure-to-protect claim, the plaintiff must show that (1) he was incarcerated under conditions posing a substantial risk of serious harm and (2) the defendant subjectively knew of and disregarded an excessive risk to the plaintiff's safety. Smith v. Arkansas Dep't of Correction, 103 F.3d 637, 644 (8th Cir. 1996); Jensen v. Clarke, 73 F.3d 808, 810 (8th Cir. 1996).

In order to satisfy the second part of a failure-to-protect claim, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Pagels v. Morrison, 335 F.3d 736, 740 (8th Cir. 2003), *citing* Farmer v. Brennan, 511 U.S. 825, 837 (1994). In other words, "[a] government official violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." Berry v. Sherman, 365 F.3d 631, 634 (8th Cir. 2004). Generally, a prisoner who fears a particular source of danger may need to inform prison administration of the danger (clearly, perhaps more than once, and certainly in writing).

Racial Discrimination

As the U.S. Supreme Court emphasized in Johnson v. California 543 U.S. 499, 510 (2005): The right to be free of racial discrimination is not one of the rights which may be compromised by prison personnel for the sake of proper prison administration. "On the contrary, compliance with the Fourteenth Amendment's ban on racial discrimination is not only consistent with proper prison administration, but also bolsters the legitimacy of the entire criminal justice system." Id. at 510-11. Race discrimination is "especially pernicious in the administration of justice." Id. at 511 (citation omitted).

**PLRA**

42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires exhaustion of administrative remedies before a prisoner files suit in federal court about conditions or events in prison. 42 U.S.C. § 1997e(a) states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) means that if grievance procedures were available to the plaintiff, and the plaintiff did not complete the available grievance procedures before filing his lawsuit, the plaintiff's claims concerning events at DCCC may be subject to dismissal without prejudice.

The PLRA also limits the recovery of damages for emotional distress. See 42 U.S.C. § 1997e(e): "Limitation on recovery. No Federal civil action may be brought by a

prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." However, 42 U.S.C. § 1997e(e) does not require physical injury as a prerequisite for declaratory or injunctive relief or nominal and punitive damages.

## SERVICE OF PROCESS

When a plaintiff names a government employee as a defendant, the plaintiff should state, preferably in the caption of the complaint, whether the defendant is sued in his or her *official* capacity, *individual* capacity or both capacities. If no capacity is specified, as in this case, official capacity, **only**, will be presumed. See generally Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999) (to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously say so in the pleadings).

### Meaning of Official Capacity

A suit against a public employee in his or her official capacity is merely a suit against the public employer. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Therefore, a claim against a corrections official, in his or her official capacity, is in reality a claim against the entity that employs the officer. Accordingly, the plaintiff's claims against the persons named as defendants presently constitute a claim against Platte County, Nebraska only.

### County Liability

It is important that the plaintiff understand the basis of a claim against a City or County, as opposed to a claim against specific individual people. The basis of a claim against a city or county ("municipal liability") lies **only** in cases where a municipal "policy" or "custom" causes a constitutional violation. To be liable to the plaintiff, a city or county must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights. In other words, a city or county may not be held liable merely because its employees violated the plaintiff's civil rights. The city or county, acting through its agencies or department(s), must have implemented an unconstitutional policy, or allowed an unconstitutional custom, which proximately caused injury to the plaintiff's rights.

By contrast, a claim against a person in that person's personal (or individual) capacity seeks monetary recovery payable out of the responsible official's personal finances for unconstitutional conduct committed by that person. Hafer v. Melo, 502 U.S. 21 (1991).

### Service of Process on the County

Neb. Rev. Stat. § 25-510.02(2) states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer,

or clerk." Platte County may be served at the office of the Platte County Clerk, 2610 14th Street, Columbus, NE 68601.

### Amendment of Complaint

If suing just the County is not the plaintiff's intent, he may move for leave to amend his Amended Complaint to sue the defendants in their individual capacity, official capacity, or both capacities. If the plaintiff does amend his Amended Complaint to sue the defendants in their individual capacity or in both capacities, he shall request an additional forms for service of process on the defendants, as defendants are served in different locations in their individual and official capacities.

This case is assigned to the docket of Senior District Warren K. Urbom. However, a Magistrate Judge may conduct initial review. Having reviewed the complaint, I find that this case need not be dismissed on initial review. Therefore, as initial review of the complaint is now completed, it is time for the plaintiff to obtain service of process on the defendant(s), as set forth below. Because the plaintiff is proceeding IFP, the U.S. Marshal will serve the defendant(s), after the plaintiff completes the appropriate forms.

IT IS THEREFORE ORDERED:

1. Filing no. 6, the plaintiff's Motion to Extend Time to Pay Filing Fee and Motion for Copies is granted; the initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2); the Clerk of Court shall serve a copy of this Order on the appropriate financial officer for the plaintiff's institution; also, the Clerk of Court shall send the plaintiff, without charge, copies of a docket sheet, this Order and the Amended Complaint (filing no. 7-2).

2. Filing no. 7, the plaintiff's Motion for Leave to File Amended Complaint, is granted, and filing no. 7-2 is now the operative complaint in this action.

3. Each person named as a defendant has two capacities: official capacity and individual capacity. In this case, unless the Amended Complaint is further amended, the plaintiff may serve the defendants only in their official capacity. To obtain service of process on the defendants in their official capacity, the plaintiff must complete and return forms which the Clerk of Court will provide. The Clerk of Court shall send ONE summons and ONE form USM-285 ("form 285") to the plaintiff, together with a copy of this Order. The plaintiff must comply with Neb. Rev. Stat. § 25-510.02(2), which states: "Any county, city, or village of this state may be served by personal, residence, or certified mail service upon the chief executive officer, or clerk." The plaintiff shall complete the summons and form 285 for service on "**all defendants in their official capacity c/o the Platte County**

**Clerk"** at the following address**: Platte County Clerk, 2610 14th Street, Columbus, NE 68601.**[2]

4. The plaintiff shall, as soon as possible, send the completed forms back to the Clerk of Court. In the absence of the completed forms, service of process cannot occur.

5. Upon receipt of the completed summons and 285 forms, the Clerk of Court will sign the summons, to be forwarded, together with a copy of the Amended Complaint (filing no. 7-2) to the U.S. Marshal for service of process. The court will copy the Amended Complaint for the Marshal, and the plaintiff does not have to do so. The Marshal shall serve the summons and complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal.

6. Fed. R. Civ. P. 4 requires service of the complaint on a defendant within 120 days of filing the complaint. Failure to obtain service on a defendant within 120 days of the filing date of the Complaint may result in dismissal of this matter without further notice as to such defendant.

7. If service has been obtained on no defendant by the deadline set forth above, the Clerk of Court shall bring this case to the attention of the court.

8. After an appearance has been filed by a defendant, the plaintiff shall serve on the defendant or, if an appearance has been entered by counsel, upon such counsel, a copy of every future pleading, letter or other document submitted to the court. Parties usually serve copies of documents on other parties by first class mail.

9. The plaintiff shall include with each document submitted to the court a "**Certificate of Service**" stating the date a true and correct copy of such document was mailed to the defendants or to the attorney of any represented defendant. **If the plaintiff does not include a Certificate of Service indicating that a copy of a communication to the court has been sent to the other parties to the case, the court will issue a Notice of Deficiency and might strike the plaintiff's communication from the record.**

10. A defendant has twenty (20) days after receipt of the summons to answer or otherwise respond to a complaint.

---

[2] If the plaintiff subsequently amends the complaint and requests additional summons and 285 forms, the other forms may be used for service on the defendants in their *individual* capacity at addresses, such as home or present place of employment, wherever the defendants can personally be found and will accept service of process themselves or through someone authorized to receive a summons on their behalf. If a defendant evades service, the court will consider allowing service by other means.

11.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court.

12.     The plaintiff shall keep the court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.

13.     IMPORTANT NOTE:  **Any communication filed by the plaintiff with the court must bear the plaintiff's original signature.**

DATED this 11th day of January, 2007.

BY THE COURT:


s/ F. A. GOSSETT
United States Magistrate Judge